Jesse Curry and Beatrice Curry v. Commissioner.
Curry v. Commissioner
Docket No. 6840-65.
United States Tax Court
T.C. Memo 1967-218; 1967 Tax Ct. Memo LEXIS 45; 26 T.C.M. (CCH) 1082; T.C.M. (RIA) 67218; October 31, 1967
Jesse Curry, pro se, 704 M St., Louisville, Ky. Wayne I. Chertow, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined deficiencies in the joint income taxes of petitioners and additions to the tax under section 6651[1] as follows: Section 6651
Year
Deficiency
Addition
1962
$422.00
$105.50
1963
467.95
23.40
The following issues are presented for our decision: (1) Whether farm income was understated for the years 1962 and 1963 in the amounts of $1,342.38 and $1,195.88, respectively. (2) Whether rental income was understated for the years 1962 and 1963 in the amounts of $206.12 and $145.17, respectively. *46 (3) Whether expenses in oil leases were understated for the year 1962 in the amount of $1,104.17. (4) Whether gross receipts from the sale of oil were overstated by $1,877.95 for the year 1963. (5) Whether an allowable business loss was incurred in the amount of $1,013.74 arising out of a settlement with an estate in 1963. Findings of Fact Petitioners, Jesse Curry and Beatrice Curry, are husband and wife and their legal residence at the time the petition was filed herein was Louisville, Kentucky. Their joint returns for the years involved were filed with the district director of internal revenue, Louisville, Kentucky. The 1962 return was filed August 24, 1963, and the 1963 return on May 1, 1964. Beatrice is a party herein only by reason of having filed joint returns with her husband, Jesse Curry, and the latter will hereinafter be referred to as petitioner. Petitioners' 1962 and 1963 income tax returns contained the following information on Schedule F with respect to income from a 140-acre farm located at Summersville in Green County, Kentucky: 1962
1963
Income
Cattle receipts, sales
$ 141.88
$ 66.89
Basis
75.00
$ 66.68
$ 66.89
Grain
28.50
Tobacco
275.00
67.00
Agricultural program
payments
100.00
52.00
REA Electric Dividend
9.00
$ 470.38
$ 194.89
Deductions, farm ex-
penses and deprecia-
tion
1,230.11
1,820.31
Net Farm Loss
($ 759.73) [1]
($1,635.42)
*47 According to an affidavit of heirship executed by petitioner in 1948 and filed in the Green County Court on November 24 of that year, petitioner's father, Samuel J. Curry, died intestate on August 6, 1932, a resident of Green County, leaving as his heirs his widow, Mary L. Curry, and Jesse Curry, his son. This Affidavit of Descent does not indicate the nature or extent of Samuel J. Curry's holdings in Green County, Kentucky, but merely states that Mary L. Curry is entitled to "Dower" and Jesse Curry to the "Entire Remainder." During the years before us petitioner was primarily engaged in the bookkeeping business but he had built buildings and barns on the farm in question and raised cattle there. A tenant worked the farm on a sharecropping basis and petitioner received a share. Petitioner also raised cattle and crops and engaged in various activities at the farm. Petitioner had a credit arrangement with a bank for various business ventures whereby he could borrow up to $2,500 with the farm as security for the loan. Petitioner considered his 83-year old mother as the owner of the farm in question. She lives *48 with petitioner and cannot leave the house without help. Petitioner's mother can no longer write and petitioner manages all of her affairs. Petitioner controlled all the income from the farm including the collecting and depositing of proceeds in the bank. Petitioner also had complete control over withdrawals from the bank. The notice of deficiency contained the following statement: "It is held that you remained the owner, for Federal income tax purposes, of the farm transferred to your mother, Mrs. Mary Curry. It is further held that you realized additional farm income in the respective amounts of $1,342.38 and $1,195.88 for the taxable years ended December 31, 1962 and December 31, 1963." The increased farm income is attributable to income reported by petitioner's mother and respondent determined that this income should be reported by petitioner. Petitioner did not report income from a tenant farmer. Petitioner's records of income and expenses relating to oil leases were incomplete. Respondent determined that petitioner was not entitled to depletion deductions of $1,192.11 for 1962 and $1,249.73 for 1963, claimed in his returns. In his petition he alleges that he understated expenses *49 with respect to oil leases by $1,104.17 in 1962. No evidence with respect to this item was presented at trial. Respondent also determined that petitioner remained the owner of rental properties transferred to his mother and that additional rental income should have been reported: $206.12 for 1962 and $145.17 for 1963. Petitioner claimed an additional business loss in the amount of $1,013.74 in his petition for 1963. Petitioner entered into some type of business relationship with a man named McFadden. An alleged joint venture between McFadden and petitioner resulted in McFadden owing petitioner a certain amount of money. Only a part of this claim was collected from McFadden's estate after his death and petitioner seeks to deduct his net loss in 1963. Petitioner's claim against McFadden was not based upon a note or other evidence of indebtedness. Respondent determined additions to the tax with the following statement in the deficiency notice: "Inasmuch as you failed to file a proper return for the taxable years ended December 31, 1962 and December 31, 1963 within the time prescribed by law, an amount equal to 5% of the tax is added for each month the return was delinquent, limited *50 to 25%, under section 6651 of the Internal Revenue Code of 1954." Opinion Petitioner contends that his mother owned the farm in question and that he received a share of the farm income for managing her affairs. Respondent has determined that petitioner was the owner of the farm during the taxable years involved for Federal income tax purposes and that all farm income was therefore includable in his gross income. Petitioner admits that he effectively controlled the operation of the farm, owned buildings thereon, grew crops and had exclusive control over all receipts and disbursements relating to the farm. However, petitioner and his mother testified that his mother was the owner of the farm but respondent objected to such testimony on the ground that it was not the best evidence to establish ownership. The only other evidence in support of this self-serving unreliable testimony to establish ownership is an affidavit of heirship filed by petitioner in Green County in 1948, some 12 years after Samuel J. Curry's death, showing that he left surviving him his widow, Mary, entitled to dower and his sole son, petitioner. While the farm in question is located in *51 Green County, Kentucky, according to petitioner's tax return, there is nothing in this record to establish that Samuel owned the farm in question at the time of his death or that any interest therein descended to either Mary or petitioner. Even if we were convinced by innuendo and suggestion that the farm was owned by Samuel when he died in 1932, there has been no showing as to who owned it in 1962 and 1963. At most the evidence hints that the farm descended to Mary and petitioner upon the death of Samuel in 1932, and that she had a dower interest therein, whatever that might have been in 1932 in Kentucky, and petitioner held an entire remainder therein. Petitioner has utterly failed to carry his burden of proving that legal title to the farm was in his mother or that she was the owner of the farm operation in 1962 and 1963. When all of the other indicia of ownership in petitioner of the farm operation are considered, we must uphold respondent's determination that all farm income belonged to petitioner. Petitioner's mother was not claimed as his dependent in 1962 or 1963 and petitioner takes the position that it is unfair to reallocate the farm income if a dependency deduction *52 is denied. Whether petitioner was entitled to a dependency deduction for his mother in 1962 and 1963 was not an issue raised by the petition and this issue cannot be raised for the first time on brief. J. William Frentz, 44 T.C. 485 (1963), affd. 375 F. 2d 662 (C.A. 6, 1967). Also there is no evidence in this record to establish that petitioner was entitled to a dependency exemption deduction for his mother in 1962 and 1963, so that even if the issue were properly raised petitioner has failed to establish his right to the claimed deductions. With respect to the rental income issue petitioner presented a deed in evidence showing that his mother, Mary L. Curry, owned the property acquired from Elbert L. and Dorothy T. McClung on August 1, 1961. This deed was duly recorded the same date in Jefferson County records. We are satisfied by this evidence that respondent's adjustments to petitioner's rental income increasing same by $206.12 for 1962 and $145.17 for 1963 were not properly made and the presumption of the correctness thereof has been overcome. The rental property was not petitioner's. Petitioner asserted in the petition that expenses relating to *53 oil leases were understated in the 1962 tax return in the amount of $1,104.17 and that oil income had been overstated by $1,877.95 for the year 1963. There was no testimony or evidence presented at trial with respect to the depletion deductions claimed and disallowed or the understated oil lease expenses and therefore the respondent's determination disallowing depletion claimed must be sustained and a deduction for additional oil lease expenses cannot be allowed. Petitioner's argument with respect to the overstated oil income consisted of a contention that the receipts of oil income which he was able to gather together did not add up to the amount reported as oil income. Petitioner admitted that he was not sure whether he had all the receipts and that his records were inadequate. In the absence of more precise evidence showing that oil income was overstated in 1963, no basis for a reduction in the amount of reported oil income for 1963 exists. In the petition it was claimed that business losses were understated in the amount of $1,013.74 for 1963. The loss allegedly arose when only one-half of a claim against the estate of a man named McFadden was awarded by a state court. No claim *54 for this deduction was made in petitioner's 1963 income tax return. McFadden's debt to petitioner was apparently attributable to a business transaction or relationship between them. However, the exact nature and amount of the debt remains vague. No note or other evidence of indebtedness was involved, nor was any documentary evidence adduced. Petitioner did not explain why his claim was not settled in full by the probate court. Also since the transaction was an old one, arising from events that transpired years before 1963, we cannot venture to conclude that the collection of one-half of the alleged debt after the debtor's death was due to worthlessness in 1963. For all that appears from the record herein the payment from the estate may have been in a year other than 1963 and there is a complete failure of proof that worthlessness of all or any part of the claimed debt occurred that year. The payment appears to have been in settlement of a disputed claim rather than because of inability to pay. We find the evidence on this issue insufficient to make a rational determination of just what happened or when, or why; we therefore hold that petitioner has failed to sustain his burden of *55 proof. The claimed deduction must be disallowed. Petitioner does not contest the additions to taxes as authorized by section 6651 for failure to file timely returns and such additions are upheld. To reflect necessary and required adjustments, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
1. Apparently a mathematical error of $10 was made in this return.↩